**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

December 8, 2020

**BY ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *United States v. Jarrett Crisler, a/k/a "Jayecee,"* S2 20 Cr. 626 (PMH)

Dear Judge Halpern:

    The Government writes to supplement its letter earlier today in this matter. In *Mattis*, cited in the Government's earlier letter, the Second Circuit issued a stay of a defendant's bail, noting that a stay is "an exercise of judicial discretion that requires consideration of the relevant factors, including, most critically, the likelihood of success on merits and irreparable harm to the movant absent a stay." 963 F.3d 285, Dkt. 39 (2d Cir. 2020) (internal quotation marks omitted).

    Here, there is a strong likelihood of success on the merits. As demonstrated in the Complaint, attached as Exhibit A, the defendant was a gun runner (and member of) an ultra-violent street gang. He had access to a large supply of weapons and meticulously avoided law enforcement detection as he moved guns from Florida, where he resides, to fellow violent gang members in New York. This alone—the access to a large amount of weapons and his evasion of law enforcement—demonstrates his danger to the community and risk of flight. *See* 18 U.S.C. § 3142(e) (setting forth detention factors).

    More importantly, however, is the irreparable harm to the public if a stay is not granted so that the Government can more fully brief for the Court the merits of its position. Absent a short stay, the defendant—somebody who has evaded law enforcement time and time again—may not appear in Court, meaning the Government may not be able to pursue the serious crimes he has been charged with. And perhaps worse, if the defendant is let out, there is grave risk to the community if the defendant continues to do what he has now been indicted by a Grand Jury for doing: doling out firearms, for profit, to violent gang members.

Case 7-20-cr-00626-PMH Document 62 Filed 12/10/20 Page 2 of 2
Case 7:20-cr-00626-PMH Document 59 Filed in NYSD on 12/08/2020 Page 2 of 2

Page 2

The Government is prepared to fully brief—and argue—the defendant's danger to the community and risk of flight. Yet, if a stay is not granted, there is a chance that the Government will not be able to brief, let alone have this Court consider, this application. Courts have regularly granted this relief to fully brief and hear the parties on the issue of bail. *See, e.g., United States v. Velasco*, 879 F. Supp. 377, 377 (S.D.N.Y. 1995) (noting "Part I" judge "stayed [defendant's] bail order pending resolution of the Government's motion for revocation"); *United States v. Agnello*, 101 F. Supp. 2d 108, 109 (E.D.N.Y. 2000) (court noting that it had "issued several orders to continue the stay [of magistrate judge's bail order] pending" its own "bail" determination).

Thus, the Government respectfully requests the Court grant the relief the Government requested by letter earlier today and stay the Magistrate Judge's bail decision until this Court can hear the parties and make its own bail determination *de novo*.

> The Government's request that the Court issue an order staying the Defendant's release from custody is denied as moot. The Clerk is instructed to terminate ECF No. 59.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern, U.S.D.J.
>
> Dated: New York, NY
>        December 10, 2020

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: _____
Shiva H. Logarajah
Jacob Warren
David R. Felton
Assistant United States Attorneys
Tel: 914-993-1918
     212-637-2264
     914-993-1908

Cc: All Counsel (via ECF)