UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **20 Cr. 626 (PMH)** |
| Dwight Reid et al., | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Redactions to Disclosure Material.** Certain of the Government's disclosure material, contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

As all of the defendants want to avoid any inappropriate use of the disclosure material, the defendants consent to appropriate redactions, agreed upon by their counsel, to the copies of the disclosure material that will be provided to them.  In the event that counsel for the Government and counsel for the defendants are unable to agree whether specific redactions are appropriate, the matter will be presented to the Court for resolution.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction not otherwise provided for in Paragraph 2 of the Order. It will also afford the defense prompt access to those materials, in unredacted form to counsel and in redacted form to the defendants, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.

6. The defense shall not post any disclosure material or sensitive disclosure material on any Internet site or network site[1] to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

---

[1] This does not prohibit counsel for any defendant from using secure private web services, such as "Drop Box," to store disclosure material or sensitive disclosure material, provided that the only people with access to such services are those authorized herein to receive disclosure material or redacted disclosure material, or to transfer such material to such authorized recipients.

7.  Disclosure material that is not redacted may be disclosed by counsel to: (a) the defendants for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

8. Unredacted disclosure material shall be kept in the sole possession of counsel; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel employed by or retained by counsel; shall not be copied or otherwise recorded by the defendants; and may be disclosed by counsel only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

9. The Government may authorize, in writing, disclosure of disclosure material and redacted disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, redacted disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

**Disclosure and Protection of Seized ESI**

11. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various social media accounts, cellphones, and other devices and storage media. This ESI was seized from accounts and mediums belonging to the defendants.

12. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material").  The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

13. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Return or Destruction of Material**

14. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any judgment of conviction in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned

case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

15.   The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production.  All such persons shall be subject to the terms of this Order.  Defense counsel shall maintain a record of what information has been disclosed to which such persons.

16.   Julie de Aleida, Esq., the court-appointed Coordinating Discovery Attorney ("CDA"), may disclose, make copies of, or reveal the contents of sensitive materials to defense counsel and to employees who are assisting in the preparation and dissemination of such materials, and to third party vendors she may deem necessary to retain to process the discovery she receives, all in furtherance of fulfilling her duties and obligations under this Court's December 17, 2020 Order appointing Julie de Aleida as CDA. Julie de Aleida shall serve this Protective Order upon any such attorney, employee or vendor, instructing them that they are bound by its terms, and she shall instruct such other persons that further disclosure is prohibited.

**Retention of Jurisdiction**

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____          Date:   December 11, 2020
Shiva H. Logarajah
Jacob Warren
David R. Felton
Assistant United States Attorneys


_____          _____
Michael Burke, Esq.                                   Albert Dayan, Esq.
Attorneys for Dwight Reid                        Attorney for Christopher Erskine


_____          _____
Daniel Parker, Esq.                                    John Wallenstein, Esq.
Attorney for Walter Luster                       Attorney for Deshawn Thomas


_____          _____
Francis O'Reilly, Esq.                               Daniel Hochheiser, Esq.
Attorney for Naya Austin                         Attorney for Brandon Nieves


_____          _____
Cesar De Castro, Esq.                               James Kousouros, Esq.
Attorney for Ahmed Walker                     Attorney for Caswell Senior

_____
Andrew G. Patel, Esq.
Attorney for Brandon Soto

_____
Deveraux Cannick, Esq.
Attorney for Robert Woods

_____
Stephen Lewis, Esq.
Attorney for Jordan Ingram

_____
Mehdi Essmidi, Esq.
Attorney for Isaiah Santos

_____
Thomas F. Dunn, Esq.
Attorney for Brinae Thornton

_____
Bruce Koffsky, Esq.
Attorney for Dezon Washington

_____
Samuel Braverman, Esq.
Attorney for Stephen Hugh

_____
Leonardo M. Aldridge, Esq.
Attorney for Shanay Outlaw

_____
Matthew Kluger, Esq.
Attorney for Roberta Sligh

_____
Scott Tulman, Esq.
Attorney for Jamal Trent


SO ORDERED:
Dated:  New York, New York
        January  4, 2021
        _____

                                        _____
                                        THE HONORABLE PHILIP M. HALPERN
                                        UNITED STATES DISTRICT JUDGE

7

**Retention of Jurisdiction**

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____          Date:   December 11, 2020

Shiva H. Logarajah
Jacob Warren
David R. Felton
Assistant United States Attorneys


_____          _____
Michael Burke, Esq.                                     Albert Dayan, Esq.
Attorneys for Dwight Reid                          Attorney for Christopher Erskine


_____          _____
Daniel Parker, Esq.                                     John Wallenstein, Esq.
Attorney for Walter Luster                         Attorney for Deshawn Thomas


_____          _____
Francis O'Reilly, Esq.                                Daniel Hochheiser, Esq.
Attorney for Naya Austin                           Attorney for Brandon Nieves


_____          _____
Cesar De Castro, Esq.                                James Kousouros, Esq.
Attorney for Ahmed Walker                       Attorney for Caswell Senior


6

## Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____          Date:   December 11, 2020

Shiva H. Logarajah
Jacob Warren
David R. Felton
Assistant United States Attorneys

_____          _____
Michael Burke, Esq.               Albert Dayan, Esq.
Attorneys for Dwight Reid          Attorney for Christopher Erskine

_____          _____
Daniel Parker, Esq.               John Wallenstein, Esq.
Attorney for Walter Luster        Attorney for Deshawn Thomas

_____          _____
Francis O'Reilly, Esq.            Daniel Hochheiser, Esq.
Attorney for Naya Austin          Attorney for Brandon Nieves

_____          _____
Cesar De Castro, Esq.             James Kousouros, Esq.
Attorney for Ahmed Walker         Attorney for Caswell Senior

**Retention of Jurisdiction**

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____          Date:    December 11, 2020
Shiva H. Logarajah
Jacob Warren
David R. Felton
Assistant United States Attorneys


_____          _____
Michael Burke, Esq.                                           Albert Dayan, Esq.
Attorneys for Dwight Reid                                 Attorney for Christopher Erskine

_____          _____
Daniel Parker, Esq.                                             John Wallenstein, Esq.
Attorney for Walter Luster                               Attorney for Deshawn Thomas


_____          _____
Francis O'Reilly, Esq.                                        Daniel Hochheiser, Esq.
Attorney for Naya Austin                                  Attorney for Brandon Nieves


_____          _____
Cesar De Castro, Esq.                                        James Kousouros, Esq.
Attorney for Ahmed Walker                             Attorney for Caswell Senior

6

### Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____                Date:   December 11, 2020
   Shiva H. Logarajah
   Jacob Warren
   David R. Felton
   Assistant United States Attorneys


_____                _____
Michael Burke, Esq.                     Albert Dayan, Esq.
Attorneys for Dwight Reid               Attorney for Christopher Erskine


_____                _____
Daniel Parker, Esq.                     John Wallenstein, Esq.
Attorney for Walter Luster              Attorney for Deshawn Thomas


_____                _____
Francis O'Reilly, Esq.                  Daniel Hochheiser, Esq.
Attorney for Naya Austin                Attorney for Brandon Nieves


_____                _____
Cesar De Castro, Esq.                   James Kousouros, Esq.
Attorney for Ahmed Walker               Attorney for Caswell Senior


6

**Retention of Jurisdiction**

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____            Date:   December 11, 2020
Shiva H. Logarajah
Jacob Warren
David R. Felton
Assistant United States Attorneys


_____            _____
Michael Burke, Esq.                               Albert Dayan, Esq.
Attorneys for Dwight Reid                      Attorney for Christopher Erskine


_____            _____
Daniel Parker, Esq.                                John Wallenstein, Esq.
Attorney for Walter Luster                     Attorney for Deshawn Thomas

_____            _____
Francis O'Reilly, Esq.                            Daniel Hochheiser, Esq.
Attorney for Naya Austin                        Attorney for Brandon Nieves


_____            _____
Cesar De Castro, Esq.                            James Kousouros, Esq.
Attorney for Ahmed Walker                    Attorney for Caswell Senior


6

## Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____          Date:   December 11, 2020
Shiva H. Logarajah
Jacob Warren
David R. Felton
Assistant United States Attorneys


_____          _____
Michael Burke, Esq.                              Albert Dayan, Esq.
Attorneys for Dwight Reid                         Attorney for Christopher Erskine


_____          _____
Daniel Parker, Esq.                              John Wallenstein, Esq.
Attorney for Walter Luster                        Attorney for Deshawn Thomas


_____          _____
Francis O'Reilly, Esq.                           Daniel Hochheiser, Esq.
Attorney for Naya Austin                          Attorney for Brandon Nieves


_____          _____
Cesar De Castro, Esq.                            James Kousouros, Esq.
Attorney for Ahmed Walker                         Attorney for Caswell Senior

6

**Retention of Jurisdiction**

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____          Date:   December 11, 2020
Shiva H. Logarajah
Jacob Warren
David R. Felton
Assistant United States Attorneys


_____          _____
Michael Burke, Esq.                                    Albert Dayan, Esq.
Attorneys for Dwight Reid                         Attorney for Christopher Erskine


_____          _____
Daniel Parker, Esq.                                     John Wallenstein, Esq.
Attorney for Walter Luster                        Attorney for Deshawn Thomas


_____          _____
Francis O'Reilly, Esq.                                 Daniel Hochheiser, Esq.
Attorney for Naya Austin                          Attorney for Brandon Nieves


_____          _____
Cesar De Castro, Esq.                                James Kousouros, Esq.
Attorney for Ahmed Walker                      Attorney for Caswell Senior

6

### Retention of Jurisdiction

17. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____          Date:   December 11, 2020

Shiva H. Logarajah
Jacob Warren
David R. Felton
Assistant United States Attorneys


_____          _____
Michael Burke, Esq.              Albert Dayan, Esq.
Attorneys for Dwight Reid        Attorney for Christopher Erskine


_____          _____
Daniel Parker, Esq.              John Wallenstein, Esq.
Attorney for Walter Luster       Attorney for Deshawn Thomas


_____          _____
Francis O'Reilly, Esq.           Daniel Hochheiser, Esq.
Attorney for Naya Austin         Attorney for Brandon Nieves


_____          _____
Cesar De Castro, Esq.            James Kousouros, Esq.
Attorney for Ahmed Walker        Attorney for Caswell Senior


6

Andrew G. Patel, Esq.
Attorney for Brandon Soto

Deveraux Cannick, Esq.
Attorney for Robert Woods

Stephen Lewis, Esq.
Attorney for Jordan Ingram

Mehdi Essmidi, Esq.
Attorney for Isaiah Santos

Thomas F. Dunn, Esq.
Attorney for Brinae Thornton

Bruce Koffsky, Esq.
Attorney for Dezon Washington

Samuel Braverman, Esq.
Attorney for Stephen Hugh

Leonardo M. Aldridge, Esq.
Attorney for Shanay Outlaw

Matthew Kluger, Esq.
Attorney for Roberta Sligh

Scott Tulman, Esq.
Attorney for Jamal Trent

SO ORDERED:
Dated:  New York, New York

THE HONORABLE PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE

_____
Andrew G. Patel, Esq.
Attorney for Brandon Soto

_____
Deveraux Cannick, Esq.
Attorney for Robert Woods

_____
Stephen Lewis, Esq.
Attorney for Jordan Ingram

_____
Mehdi Essmidi, Esq.
Attorney for Isaiah Santos

_____
Thomas F. Dunn, Esq.
Attorney for Brinae Thornton

SO ORDERED:
Dated: New York, New York
       _____

_____
Bruce Koffsky, Esq.
Attorney for Dezon Washington

_____
Samuel Braverman, Esq.
Attorney for Stephen Hugh

_____
Leonardo M. Aldridge, Esq.
Attorney for Shanay Outlaw

_____
Matthew Kluger, Esq.
Attorney for Roberta Sligh

_____
Scott Tulman, Esq.
Attorney for Jamal Trent

_____
THE HONORABLE PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE

7

_____
Andrew G. Patel, Esq.
Attorney for Brandon Soto

_____
Deveraux Cannick, Esq.
Attorney for Robert Woods

_____
Stephen Lewis, Esq.
Attorney for Jordan Ingram

_____
Mehdi Essmidi, Esq.
Attorney for Isaiah Santos

_____
Thomas F. Dunn, Esq.
Attorney for Brinae Thornton

_____
Bruce Koffsky, Esq.
Attorney for Dezon Washington

_____
Samuel Braverman, Esq.
Attorney for Stephen Hugh

_____
Leonardo M. Aldridge, Esq.
Attorney for Shanay Outlaw

_____
Matthew Kluger, Esq.
Attorney for Roberta Sligh

_____
Scott Tulman, Esq.
Attorney for Jamal Trent

SO ORDERED:
Dated:  New York, New York
        _____

                          _____
                          THE HONORABLE PHILIP M. HALPERN
                          UNITED STATES DISTRICT JUDGE

7

Andrew G. Patel, Esq.
Attorney for Brandon Soto

Bruce Koffsky, Esq.
Attorney for Dezon Washington

Samuel Braverman, Esq.
Attorney for Stephen Hugh

Deveraux Cannick, Esq.
Attorney for Robert Woods

Stephen Lewis, Esq.
Attorney for Jordan Ingram

Leonardo M. Aldridge, Esq.
Attorney for Shanay Outlaw

Mehdi Essmidi, Esq.
Attorney for Isaiah Santos

Matthew Kluger, Esq.
Attorney for Roberta Sligh

Thomas F. Dunn, Esq.
Attorney for Brinae Thornton

Scott Tulman, Esq.
Attorney for Jamal Trent

SO ORDERED:
Dated: New York, New York
_____

THE HONORABLE PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE

7

_____
Andrew G. Patel, Esq.
Attorney for Brandon Soto

_____
Deveraux Cannick, Esq.
Attorney for Robert Woods

_____
Stephen Lewis, Esq.          12/14/20
Attorney for Jordan Ingram

_____
Mehdi Essmidi, Esq.
Attorney for Isaiah Santos

_____
Thomas F. Dunn, Esq.
Attorney for Brinae Thornton

_____
Bruce Koffsky, Esq.
Attorney for Dezon Washington

_____
Samuel Braverman, Esq.
Attorney for Stephen Hugh

_____
Leonardo M. Aldridge, Esq.
Attorney for Shanay Outlaw

_____
Matthew Kluger, Esq.
Attorney for Roberta Sligh

_____
Scott Tulman, Esq.
Attorney for Jamal Trent


SO ORDERED:
Dated: New York, New York
       _____

                              _____
                              THE HONORABLE PHILIP M. HALPERN
                              UNITED STATES DISTRICT JUDGE


7

Andrew G. Patel, Esq.
Attorney for Brandon Soto

Deveraux Cannick, Esq.
Attorney for Robert Woods

Stephen Lewis, Esq.
Attorney for Jordan Ingram

Mehdi Essmidi, Esq.
Attorney for Isaiah Santos

Thomas F. Dunn, Esq.
Attorney for Brinae Thornton

Bruce Koffsky, Esq.
Attorney for Dezon Washington

Samuel Braverman, Esq.
Attorney for Stephen Hugh

Leonardo M. Aldridge, Esq.
Attorney for Shanay Outlaw

/s/ Matthew J. Kluger

Matthew Kluger, Esq.
Attorney for Roberta Sligh

Scott Tulman, Esq.
Attorney for Jamal Trent

SO ORDERED:
Dated: New York, New York

THE HONORABLE PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE

7

_____
Andrew G. Patel, Esq.
Attorney for Brandon Soto

_____
Bruce Koffsky, Esq.
Attorney for Dezon Washington

_____
Deveraux Cannick, Esq.
Attorney for Robert Woods

_____
Samuel Braverman, Esq.
Attorney for Stephen Hugh

_____
Stephen Lewis, Esq.
Attorney for Jordan Ingram

_____
Leonardo M. Aldridge, Esq.
Attorney for Shanay Outlaw

_Mehdi Essmidi_
_____
Mehdi Essmidi, Esq.
Attorney for Isaiah Santos

_____
Matthew Kluger, Esq.
Attorney for Roberta Sligh

_____
Thomas F. Dunn, Esq.
Attorney for Brinae Thornton

_____
Scott Tulman, Esq.
Attorney for Jamal Trent


SO ORDERED:
Dated:  New York, New York
        _____

                                    _____
                                    THE HONORABLE PHILIP M. HALPERN
                                    UNITED STATES DISTRICT JUDGE

7

Andrew G. Patel, Esq.
Attorney for Brandon Soto

Bruce Koffsky, Esq.
Attorney for Dezon Washington

Deveraux Cannick, Esq.
Attorney for Robert Woods

Samuel Braverman, Esq.
Attorney for Stephen Hugh

Stephen Lewis, Esq.
Attorney for Jordan Ingram

Leonardo M. Aldridge, Esq.
Attorney for Shanay Outlaw

/s/ Matthew J. Kluger

Mehdi Essmidi, Esq.
Attorney for Isaiah Santos

Matthew Kluger, Esq.
Attorney for Roberta Sligh

Thomas F. Dunn, Esq.
Attorney for Brinae Thornton

Scott Tulman, Esq.
Attorney for Jamal Trent

SO ORDERED:
Dated:  New York, New York

_____

THE HONORABLE PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE

7

_____          _____
Andrew G. Patel, Esq.                     Bruce Koffsky, Esq.
Attorney for Brandon Soto                 Attorney for Dezon Washington


_____          _____
Deveraux Cannick, Esq.                    Samuel Braverman, Esq.
Attorney for Robert Woods                 Attorney for Stephen Hugh


_____          _____
Stephen Lewis, Esq.                       Leonardo M. Aldridge, Esq.
Attorney for Jordan Ingram                Attorney for Shanay Outlaw


_____          _____
Mehdi Essmidi, Esq.                       Matthew Kluger, Esq.
Attorney for Isaiah Santos                Attorney for Roberta Sligh


_____          _____
Thomas F. Dunn, Esq.                      Scott Tulman, Esq.
Attorney for Brinae Thornton              Attorney for Jamal Trent



SO ORDERED:
Dated:  New York, New York
        _____


                                          _____
                                          THE HONORABLE PHILIP M. HALPERN
                                          UNITED STATES DISTRICT JUDGE



7

_____
Andrew G. Patel, Esq.
Attorney for Brandon Soto

_____
Bruce Koffsky, Esq.
Attorney for Dezon Washington

_____
Deveraux Cannick, Esq.
Attorney for Robert Woods

_____
Samuel Braverman, Esq.
Attorney for Stephen Hugh

_____
Stephen Lewis, Esq.
Attorney for Jordan Ingram

_____
Leonardo M. Aldridge, Esq.
Attorney for Shanay Outlaw

_____
Mehdi Essmidi, Esq.
Attorney for Isaiah Santos

_____
Matthew Kluger, Esq.
Attorney for Roberta Sligh

_____
Thomas F. Dunn, Esq.
Attorney for Brinae Thornton

_____
Scott Tulman, Esq.
Attorney for Jamal Trent

SO ORDERED:
Dated:  New York, New York

_____

_____
THE HONORABLE PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE

7