

AO 243 (Rev. 09/17)

## Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

#### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

> **Clerk, United States District Court for**
> **Address**
> **City, State  Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**



Page 1 of 13

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** _Southern_ District _New York_ | |
|---|---|
| **Name** *(under which you were convicted):*<br>Jarrett Crisler | **Docket or Case No.:**<br>7:20-cr-00626-PMH |
| **Place of Confinement:**<br>FCC Coleman Low · Coleman, Florida | **Prisoner No.:**<br>19646-509 |
| **UNITED STATES OF AMERICA**<br>v.    Jarrett Crisler | **Movant** *(include name under which convicted)* |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

United States District Court
Southern District of New York
300 Quarropas Street, White Plains, NY, 10601

    (b) Criminal docket or case number (if you know): 7:20-cr-00626-19 (PMH)

2.  (a) Date of the judgment of conviction (if you know): October 5, 2022

    (b) Date of sentencing: October 4, 2022

3.  Length of sentence: 207 months

4.  Nature of crime (all counts):

One count of 18 U.S.C. § 924(c)(1)(A) - use of firearm in furtherance of felony conduct (Count XXI of 6th Superseding Indictment)

One count of 18 U.S.C. § 922(a)(1)(A) - firearms trafficking conspiracy (Count XXII of 6th Superceding Indictment)

5.  (a) What was your plea? (Check one)
    (1) Not guilty ☐    (2) Guilty ☒    (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

I did not plead not guilty to any counts.

6.  If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

8.  Did you appeal from the judgment of conviction?    Yes ☒    No ☐

9.  If you did appeal, answer the following:
    (a) Name of court:    Second Circuit Court of Appeals
    (b) Docket or case number (if you know):    22-2688
    (c) Result:    Sentence and Conviction Affirmed
    (d) Date of result (if you know):    September 29, 2025 (Summary Order)
    (e) Citation to the case (if you know):
    (f) Grounds raised:

    I. The district court erred in calcuating the Guidelines range

    II. Florida offenses of Attempted Murder and Aggravated Battery are not
        crimes of violence for purposes of 18 U.S.C. § 924(c)

    Ground II also raised the "but-for" causation claim that but for the
    errors listed therein, Crisler would not have pleaded guilty.

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒
        If "Yes," answer the following:
        (1) Docket or case number (if you know):
        (2) Result:

        (3) Date of result (if you know):    N/A
        (4) Citation to the case (if you know):
        (5) Grounds raised:

                                    N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications,
    concerning this judgment of conviction in any court?
        Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

                                    N/A

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: _____

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐        No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:        Yes ☐        No ☐

(2) Second petition:       Yes ☐        No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Florida's Attempted Murder offense is not a crime of violence for the purposes of 18 U.S.C. § 924(c).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Continuation pages for factual allegations and details regarding this legal issue.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [X]    No [ ]

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ]    No [X]

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ]    No [ ]

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☒

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):   _____

Date of the court's decision:   _____

Result (attach a copy of the court's opinion or order, if available):

N/A

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Florida's Aggravated Battery Offense is not a Crime of Violence for purposes of 18 U.S.C. § 924(c).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See continuation pages for factual allegations related to this legal claim.

(b) **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒     No ☐

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

N/A

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☒

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N/A

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

**GROUND THREE:** The sentencing enhancements as applied to Crisler violated his 5th Amend. rights to Due Process; counsel was ineffective for not ...

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Continuation Pages for factual allegations related to this constitutional violation claim.

 

**(b) Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☒      No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

                        N/A

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐      No ☒

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

                        N/A

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐      No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐      No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐      No ☐

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND FOUR:** Counsel was ineffective for failing to object to the district court's application of an upward variance to Crisler's sentence.

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Continuation Pages for factual allegations regarding this claim based on a constitutional violation.

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

N/A

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

Type of motion or petition:  _____

Name and location of the court where the motion or petition was filed:

N/A

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐      No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

_____

Docket or case number (if you know):  _____

Date of the court's decision:  _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

_____

13.  Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Constitutional violation claims were not raised on direct appeal, as the proper vehicle for such claims is the instant 28 U.S.C. 2255 Motion.

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

Jaime Santana, Jr., - White Plains, NY

(b) At the arraignment and plea:

Jaime Santana, Jr., - White Plains, NY

(c) At the trial:

N/A

(d) At sentencing:

Jaime Santana, Jr., - White Plains, NY

(e) On appeal:

Matthew Brissenden -  Garden City, NY

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

Page 11 of 13

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The Second Circuit Court of Appeals affirmed Crisler's Sentence and Conviction on September 29, 2025. Thus, as the instant motion was filed with the district court in February of 2026, the Motion is timely.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)    the date on which the judgment of conviction became final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:  Find that Crisler was illegally sentenced and enhanced, and resentence Crisler to the mandatory minimum.

_____

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on    February 28, 2026                    .

(month, date, year)

February 28, 2026

Executed (signed) on _____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

CONTINUATION PAGES

<u>Ground One</u>:  Florida's Attempted Murder offense is not a crime of violence for the purposes of 18 U.S.C. § 924(c)(

From the outset, Crisler notes for this Court that the substance of Grounds One and Two, while similar, are based on different law and statutes. And while appellate counsel conbined the two arguments into one, Crisler believes they should be separate for a proper analysis to be had. Nevertheless, Crisler also asserts that the constitutional violation for both Grounds is that his pretrial counsel failed to raise the issues for objection to the district court, prior to sentencing, thus relegating Crisler to plain error review in the Second Circuit.

While the Second Circuit stated that <u>Delligatti v. United States</u>, 145 S. Ct. 797, 805 (2025) holds "attempted murder still qualifies as a crime of violence for purposes of section 924(c)," <u>United States v. Crisler</u>, 2025 U.S. App. LEXIS 25127 *3 (2d Cir. 2025), it ignored recent Second Circuit <u>on point</u> with regards to the Florida Attempted Murder statute at issue here, Fla. Stat. § 782.04.[/1]See <u>United States v. Delgado</u>, 149 F.4th 244 (2d Cir. 2025).

In <u>Delgado</u>, the Second Circuit affirmed that, specific to the Defendant, the attempted murder counted as a crime of violence, but that was because the Second Circuit found "Delgado committed attempted murder by shooting someone in the back." <u>Delgado</u>, 149 F.4th at *9. And, "[o]f course, to qualify as a crime of violence, the physical force must be ... direct[ed] ... or target[ed] [at] another individual." <u>Id.</u> at *12. <u>Id.</u> (quoting <u>Borden v. United States</u>, 593 U.S. 420, 429 (2021)).

The sentencing judge acknowledged that Crisler did not have a target in mind when he fired his weapon, but instead, he simply "pull[ed] out [his] gun and start[ed] shooting in a crowd." Sentencing Transcripts, pp.19-20. And because Crisler's "conduct [was] not ... directed at another" person specifically, "[h]e has not used

_____/

1/ <u>Delgado</u> also involves the analysis of a similar Florida statute not countenanded in the instant case, Fla. Stat. § 777.04(1), the general Florida attempt statute.

force 'against' another person in the targeted way that [the elements] clause requires." <u>Delgado</u>, 149 F.4th at *12 (<u>quoting</u> <u>Borden</u>, 593 U.S. at 429).

As stated above, Crisler's counsel was ineffective for failing to object to the categorization of Crisler's charges as crimes of violence for purposes of 18 U.S.C. § 924(c), as the plain error review by the Second Circuit was a key factor in Crisler losing his appeal. Instead, the matter should have been reviewed under <u>de novo</u> review, which is the proper standard for litigating legal issues in the Second Circuit. <u>See</u> <u>Pinach v. Bondi</u>, 147 F.4th 117 *19 (2d Cir. 2025).

Counsel's level of performance fell below the standard demanded by that of the U.S. Constitution. This substandard performance---a Sixth Amendment violation---caused Crisler's case to receive insufficient scrutiny in the appellate court. And this prejudiced Crisler to a 207 month term of imprisonment. But for counsel's errors, Crisler would have been successful on appeal, and would have faced a sentence with a lower minium mandatory sentence.

For relief, Crisler respectfully requests that this Court remand the matter to the Appellate court, so that the issues may be reviewed by the Second Circuit under the <u>de novo</u> standard expeeted of legal issues.

<u>Ground Two</u>:    Florida's Aggravated Battery offense is not a crime of violence for the purposes of 18 U.S.C. § 924(c).

As with Ground One, Crisler argued on appeal that his Florida Aggravated Battery charge, Fla. Stat. § 784.045(1)(a), which, together with the Attempted Murder charge in Ground One, formed the basis for his 18 U.S.C. § 924(c) conviction, were not crimes of violence for the purposes of 924(c).

Here, the Second Circuit affirmed Crisler's conviction and sentence, citing that recently decided cases in the Second Circuit and Supreme Court foreclosed his argument. An argument that counsel failed to raise in the pretrial proceedings, which rendered his performance to be ineffective, and failing the standards demanded by the U.S. Constitution.

C-2

In support of its denial, the Second Circuit cited <u>United States v. Pastore</u>, 83 F.4th 113 (2d Cir. 2023), for the proposition that VICAR charges were crimes of violence for § 924(c) purposes. The problem with this assumption, however, is that <u>Pastore</u> discussed underlying charges that were different from Crisler's. While the defendant in <u>Pastore</u> had an underlying charge of N.Y. Penal Law § 125.20(1), Crisler's underlying charge was Fla. Stat. § 784.045(1)(a), which, is "aggravated battery with a deadly weapon under <u>Florida</u> law." <u>Crisler</u>, 2025 U.S. App. LEXIS 25127 *3 (emphasis added).

Based on this, Crisler asserts that the Second Circuit's analysis of his case in relation to <u>Pastore</u> is inapposite for two reasons: 1) there is no published Second Circuit case on point that has affirmed Fla. Stat. § 784.045(1)(a) to be a crime of violence <u>in this circuit</u>; and 2) there is only one decision in this Circuit that even discusses this statute. In <u>United States v. Barnes</u>, 2024 U.S. App. LEXIS 31648 (2d Cir. 2024)(unpublished), the Second Circuit used the modified categorical approach to determine whether the statute at issue counted as a crime of violence.

The modified categorical approach requires a more detailed analysis than the standard categorical approach for Attempted Murder (<u>see</u> Ground One, <u>supra</u>). Here, the modified categorical approach "permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions,[2] to determine which alternative formed the basis of the defendant's prior conviction." <u>Descamps v. United States</u>, 570 U.S. 254, 257 (2013).

Crisler's counsel was ineffective for failing to raise objections in this matter during pretrial proceedings. Such a failure, which amounted to a Sixth Am-

---

2/ These documents are sometimes refered to as <u>Shepard</u> documents. <u>See Shepard v. United States</u>, 544 U.S. 13 (2005).

endment violation, caused Crisler to face plain error review on appeal (instead of de novo, which is a much more favorable standard). And facing plain error review prejudiced Crisler, for it was the primary cause of him losing the appeal.

Crisler respectfully requests that this court find his counsel violated the Sixth Amendment, and failed to represent his client to the demanding standards as required by the Constitution. For relief, Crisler requests that the case be remanded back to the appellate court, where a panel can review the issue on de novo review.

Ground Three:   The sentencing enhancements as applied to Crisler violated his Fifth Amendment rights to Due Process; counsel was ineffective for not having objected to the sentencing enhancements.

When the Probation Office calculated Crisler's Offense Range, it started with a base range of 60 months for the 18 U.S.C. § 371 conspiracy charge, which ran consecutively to the 10-year minimum mandatory § 924(c) charge for discharging a weapon. See App. Br. at 4.[1]

However, the PSR listed numoerous enhancements. See Sent. Tr. at 4-5. And while most enhancements do not factor into this argument, Crisler rightly objected to the U.S.S.G. § 2K2.1(b)(6)(B) four-level enhancement---on appeal. The crucial error, though, is that Crisler's pre-trial counsel failed to object to this enhancement. This fatal error caused Crisler to be exposed to an additional 37 months of imprisonment, and prejudiced him by having to overcome plain error review in the Second Circuit: an easily correctable error that should have been reviewed de novo.

The reasoning Crisler raised on appeal was correct: that "[a]pplication Note 4 expressly states that the four-level enhancement under § 2K2.1(b)(6)(B) does not apply to a defendant who has simultaneously pled guilty to a § 924(c) charge." App. Br. at 7. This amounts to impermissible double counting, which resulted in an additional 37 months to be tagged onto Crisler's sentence, unfairly, and prejudicially.

Crisler respectfully requests that this Court resentence Crisler with the § 2K2.1(b)(6)(B) removed, and to reduce his sentence to at or around the 180-month minimum mandatory sentence for the stacked § 371 and § 924(c) charges.

C-4

<u>Ground Four</u>:    Counsel was ineffective for failing to object to the district court's application of an upward variance to Crisler's sentence.

At sentencing, the United States requested an above-Guidelines range for Crisler's sentence, of between 207 to 228 months. <u>See</u> App. Br. at 4. And the district court agreed to the upward variance, sentencing Crisler to 207 months. <u>See</u> <u>id.</u> at 5; <u>see also</u> Judgment & Commitment.

Just as with the sentencing issue in Ground Three, Crisler's attorney just sat back and failed to object to the upward variance, above the 180 months. This caused Crisler to serve an extra 27 months of prison time, and he was also prejudiced by having to surmount plain error on appeal, when instead he could have prevailed on the matter under <u>de novo</u> review had his pretrial attorney simply objected.

Crisler respectfully requests that this Court resentence him without the upward variance, and to resentce him to the minimum 180-month sentence

---

2/ Crisler's Plea Agreement specifically preserved his ability to appeal this sentnece.

C-5



**UNITED STATES**

UNITED STATES POSTAL SERVICE    *Retail*

**P**    US POSTAGE PAID
**$0.00**    Origin: 33521
03/31/26
1117550512-02

PRIORITY MAIL®

0 Lb 4.50 Oz

RDC 03

EXPECTED DELIVERY DAY:  04/03/26

C009

SHIP
TO:
300 QUARROPAS ST
WHITE PLAINS NY 10601-4140

USPS TRACKING® #

9505 5126 3317 6090 3606 14

n form is required.

claims exclusions see the

ability and limitations of coverage.

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

PAPER
POUCH

FROM:
Jarrett Crisler, # 19646-509
Federal Correctional Complex
Unit C-4 (Low Custody)
P.O. Box 1031
Coleman, Fl 33521-1031

TO:
United States District Court
Office of the Clerk
300 Quarropas Street
White Plains NY
10601

RECEIVED

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.